714 P.2d 884

**STATE of Arizona, Appellee,**

v.

**Will Albert DAVIS, Appellant.**

**No. 1 CA–CR 8334.**

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 4, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div. and Diane D. Hienton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for appellant.

MEYERSON, Judge.

Appellant was convicted of child abuse, a class 4 felony. The trial court sentenced him to four years probation. Appellant appeals from his conviction.

On the date of the incident, appellant returned from work and was advised by his wife that one of his two sons had used too much sugar on his cereal. Appellant asked his sons to tell him which of them had used too much sugar. Both sons claimed innocence. Later, appellant discovered that Jamie, his youngest son, had been the culprit. Appellant then took Jamie down to his bedroom to administer punishment.

Appellant used a belt and had Jamie lay face down on his bed. Appellant admitted that he had used a belt before in order to discipline his children. Appellant testified that while he administered the punishment, Jamie jumped off the bed several times. Appellant asserts that this movement caused him to inadvertently strike Jamie's back with the belt.

The next day a school nurse noticed Jamie's injuries and reported the potential child abuse case to the Phoenix Police Department. The police officer who took Jamie to Maricopa County Medical Center noted injuries to Jamie's eye and leg. Appellant was later charged with child abuse.

At trial, the judge instructed the jury that:

The defendant's plea of not guilty means that the State must prove every part of the charge beyond a reasonable doubt.

The law does not require a defendant to prove his innocence. He is presumed by law to be innocent. This means the State must prove all of its case against the defendant. The State must prove the defendant guilty beyond a reasonable doubt.

In instructing on the meaning of child abuse, the trial court stated:

Child abuse occurs when, under circumstances other than those likely to produce death or serious physical injury, any person knowingly or intentionally causes a child to suffer physical injury. Child abuse does not apply to ordinary situations where a child is injured but only to those where the parent performed some abusive act.

The statute requires abuse and not mere normal parental action or inaction.

The central issue on appeal concerns whether the trial court committed fundamental error by failing to specifically instruct the jury that appellant's burden as to justification was limited to raising a reasonable doubt and that the burden on the state was then to disprove beyond a reasonable doubt that appellant acted with justification. We hold that the trial court erred by failing to give such an instruction and that such failure constituted fundamental, reversible error. *See State v. Tittle*, 710 P.2d 449, 451–52 (Ariz.1985). It is therefore unnecessary to reach the other issues raised on appeal.

At the outset, we note that the trial court's purported instruction on justification was plainly insufficient. The justification defense raised by appellant was based upon A.R.S. § 13–403(1). It provides:

The use of physical force upon another person which would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances:

1. A parent or guardian ... entrusted with the care and supervision of a minor ... may use reasonable and appropriate physical force upon the minor ... when and to the extent reasonably necessary and appropriate to maintain discipline.

The trial court's instruction that child abuse "requires abuse and not mere normal parental action or inaction" did not adequately convey to the jury the basis of appellant's defense.

Our discussion of the burden of proof issue begins with the seminal pronouncements on this subject by the United States Supreme Court. *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In *Winship,* the Court held that one of the hallmarks of due process is the requirement that the state prove all elements of an offense beyond a reasonable doubt. Specifically, the Court held that the "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id.* at 365, 90 S.Ct. at 1073.

In *Mullaney v. Wilbur,* the Court was confronted with a Maine rule which required that a defendant charged with murder must prove that he acted in the heat of passion on sudden provocation in order to reduce a charge of murder to manslaughter. The Court refused to limit its holding in *Winship* to only those cases concerning proof of facts necessary to constitute a crime. The Court reasoned that "Winship is concerned with substance rather than this kind of formalism." 421 U.S. at 700, 95 S.Ct. at 1890. Recalling its holding in *Winship,* the Court noted that the requirement of proof beyond a reasonable doubt is based upon the important interest that the defendant has in a criminal prosecution. *Id.* at 700–701, 95 S.Ct. at 1890–91. Also, the Court recognized that this higher standard of proof insures public acceptance of the integrity of the criminal process. Further, the Court noted that if a defendant is required to prove a critical fact in dispute, the likelihood of an erroneous conviction is increased. *Id.* at 702, 95 S.Ct. at 1891.

The logic of these cases has been applied by courts in other jurisdictions to affirmative defenses such as self-defense. *E.g., State v. Evans,* 278 Md. 197, 362 A.2d 629 (1976); *Commonwealth v. Rodriguez,* 370 Mass. 684, 352 N.E.2d 203 (1976). The Massachusetts court explained its reasoning this way:

> If a defendant raises a reasonable doubt in the minds of the jurors whether he acted in self-defense, a reasonable doubt also necessarily arises as to whether the killing was unlawful. In such a case, acquittal is appropriate. Thus, in order to establish unlawfulness and thereby prove its case, the [state] must show the absence of self-defense (lawfulness) beyond a reasonable doubt.

*Id.* at 688, 352 N.E.2d at 206. Without specifically relying upon *Mullaney* and *Winship,* the Arizona Supreme Court has held it to be fundamental error to deprive the defendant of a specific burden of proof instruction on self-defense. *State v. Hunter,* 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). The justification defense raised by appellant here carries with it the same legal "stature" as does self-defense. *State v. Evans,* 278 Md. at 207, 362 A.2d at 635; *compare* A.R.S. § 13–403(1) *with* A.R.S. § 13–404.

In *State v. Hunter,* as in the present case, the jury was instructed that the state must prove all of its case against the defendant and must prove the defendant guilty beyond a reasonable doubt. The jury was also instructed that if it found the defendant's conduct justified, it must find the defendant not guilty. 142 Ariz. at 90, 688 P.2d at 982. In the case before us, the jury was instructed that the child abuse statute requires more than "mere normal parental action or inaction" and that the state must prove the elements of the offense of child abuse beyond a reasonable doubt. Just as the court in *State v. Hunter* found the jury instructions to be inadequate, we conclude too that the jury instructions failed to apprise the jury that appellant's burden as to justification was limited to raising a reasonable doubt and that the burden was on the state to then disprove beyond a reasonable doubt that appellant acted with justification.

**394**

Although justification is certainly not an element of the offense of child abuse, it necessarily follows that if the jury believed appellant and found that his conduct was reasonably necessary and appropriate to maintain discipline, this belief would have resulted in acquittal. Thus, the facts underlying appellant's justification defense reached the constitutional magnitude of the "heat of passion" defense in *Mullaney v. Wilbur.* Accordingly, the specific burden of proof instruction required under *State v. Hunter* should have been given in this case.

Reversed and remanded.

CONTRERAS, P.J., concurs.

OGG, Judge, dissenting.

I would respectfully dissent. Appellant has raised two grounds for a reversal.

### JURY INSTRUCTIONS

Appellant claims error in the instructions. He neither objected to any of the presented, contested instructions nor presented any pertinent instructions to the trial court. In the absence of a request for a specific A.R.S. § 13–403(1) instruction the failure to give such an instruction must be fundamental error to require reversal. Rule 21.3(c), Arizona Rules of Criminal Procedure; *State v. Grilz*, 136 Ariz. 450, 666 P.2d 1059 (1983).

In my opinion the instruction given by the trial court requires parental abuse for a jury conviction and any normal parental action would call for an acquittal of the charge.

Appellant's line of defense was that the incident had indeed occurred, but that the appellant did not exceed the bounds of normal parental discipline. Under the instructions given the state had to prove, beyond a reasonable doubt, that appellant's conduct was beyond normal parental action allowed by law in the State of Arizona.

I find no fundamental reversible error in the instructions as given by the trial court.

### INEFFECTIVE COUNSEL

Appellant also claims he received ineffective assistance of counsel. During the heat of the trial, appellant's counsel made many tactical decisions. I find no evidence of incompetence within the prevailing professional norms. *State v. Espinosa-Gamez*, 139 Ariz. 415, 678 P.2d 1379 (1984).

I would affirm the jury verdict and the actions of the trial court.

Note: The Honorable Jack L. Ogg, a retired judge of the Court of Appeals, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.