762 P.2d 628

STATE of Arizona, Appellee,

v.

Pamela ALBRECHT, Appellant.

No. 2 CA–CR 88–0091.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 15, 1988.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Greg A. McCarthy, Phoenix, for appellee.

Harold L. Higgins, Pima County Public Defender by Susan M. Quillin, Tucson, for appellant.

## OPINION

ROLL, Presiding Judge.

Pamela Albrecht appeals from her conviction for negligent child abuse. For the reasons set forth below, we affirm.

## FACTS

Pamela Albrecht was certified through the Tucson Association of Child Care as a child care provider for parents requesting day care assistance through the Department of Economic Security (DES). She received her certification in October of 1986. When Albrecht was originally certified, she was instructed by DES that at no time was corporal punishment to be administered to her wards. Thereafter, she began caring for two sisters, Jamie, age four, and Jody, age two.

On January 26, 1987, Albrecht telephoned the children's mother and requested permission to spank Jamie. When the children's mother went to Albrecht's home later that day to pick up her children, Albrecht told the mother that she had "spanked" Jamie "a little hard" and that the spanking "might have left a bruise." That evening, the mother observed black and blue bruises all over Jamie's buttocks and legs.

The mother did not contact anyone that evening regarding the bruises. The next day, she told a co-worker about what had occurred. The co-worker told a sister who worked for DES and, ultimately, Child Protective Services and the Tucson Police Department investigated the incident. Albrecht told a detective that she had not spanked Jamie.

At trial, a physician employed by the Office of the Medical Examiner concluded that Jamie's injuries were consistent with having been struck with a belt and, based upon similar discoloration, the injuries all appeared to have been received at or about the same time. Albrecht testified that she had spanked Jamie with a belt because Jamie would not mind Albrecht and insisted on playing with a barbecue grill at Albrecht's residence.

## PROCEDURAL BACKGROUND

Albrecht was indicted on one count of intentional or knowing child abuse, a class 4 felony. A jury found her guilty of the lesser-included offense of negligent child abuse, a class 6 open-ended offense. She was sentenced to two years' probation, the designation of her offense to be postponed pending her successful completion of probation.

## ISSUES ON APPEAL

On appeal, Albrecht argues that (1) error occurred when the trial court failed to instruct the jury that the state had to prove beyond a reasonable doubt that the force used by Albrecht was not reasonably necessary to maintain discipline, (2) the trial court erred when it permitted evidence of the DES rule against corporal punishment to be admitted into evidence, and (3) there was insufficient evidence to sustain the conviction.

## JUSTIFICATION
## DEFENSE—JURY CHARGE

Albrecht maintains that the trial court should have instructed the jury that the state had to prove beyond a reasonable doubt that the force used by Albrecht against Jamie was not reasonably necessary to maintain discipline. Albrecht primarily relies upon *State v. Hunter*, 142

Ariz. 88, 688 P.2d 980 (1984), and *State v. Davis,* 148 Ariz. 391, 714 P.2d 884 (1986).

*Hunter* involved inadequate self-defense instructions. There, the supreme court stated:

> The instructions did not make it clear that appellant's burden as to self-defense was limited to raising a reasonable doubt and that the burden on the state was then to disprove beyond a reasonable doubt that appellant acted in self-defense.

*Id.* 142 Ariz. at 90, 688 P.2d at 982. In *State v. Cannon,* 157 Ariz. 107, 755 P.2d 412 (1988), the supreme court explained *Hunter,* stating:

> The language of the self-defense instruction that *Hunter* found objectionable was the following sentence: "If you decide the defendant's conduct was justified, you must find the defendant not guilty." That sentence, the opinion concluded, created the risk that the jury would believe that the accused had the burden to prove justification.

The supreme court concluded that if the objectionable instruction is not given and the jury is instructed on the elements of self-defense and the prosecution's burden of proving all of its case beyond a reasonable doubt, it is not essential to instruct the jury additionally that the state must disprove justification beyond a reasonable doubt. The objectionable instruction in *Hunter* was not given at Albrecht's trial.

Although the supreme court has never extended *Hunter* to the justification defense in child abuse cases, in *Davis,* Division One of this court, in a two-to-one decision, interpreted *Hunter* as requiring that the jury be told that the state must disprove justification beyond a reasonable doubt. *Davis* preceded *Cannon* and its explanation of *Hunter.* In view of *Cannon,* it is now clear that even in the context of self-defense, the jury need not be instructed that the state must disprove self-defense beyond a reasonable doubt. We also believe that *Davis* is distinguishable from the matter before us. In *Davis,* Division One stated that the trial court's instruction on justification "was plainly in-

sufficient." *Id.* 148 Ariz. at 392, 714 P.2d at 885. In *Davis,* the trial court's instruction loosely paraphrased the justification statute, stating:

> Child abuse does not apply to ordinary situations where a child is injured but only to those where the parent performed some abusive act.
>
> The statute requires abuse and not mere normal parental action or inaction.

*Id.* By sharp contrast, in the instant case, the trial court's justification defense instruction tracked the language of the statute.

■ Finally, we note that defense counsel at the trial level did not request a jury instruction that the state must disprove justification beyond a reasonable doubt. Absent request, the failure to give such an instruction must be fundamental error to require reversal. Rule 21.3(c), Ariz.R. Crim.P., 17 A.R.S.; *State v. Barnett,* 142 Ariz. 592, 594, 691 P.2d 683, 685 (1984).

In view of the comprehensive justification instruction given by the trial court in the matter before us, the instructions on reasonable doubt, and the extent of the four-year-old child's injuries, the trial court's failure to sua sponte instruct the jury that the state was required to disprove justification beyond a reasonable doubt was not reversible error. *State v. Cannon, supra; State v. Tassler,* 159 Ariz. 183, 185, 765 P.2d 1007, 1009 (App.1988).

## EMPLOYMENT CONTRACT

The defendant maintains that the trial court erroneously admitted evidence of instructions furnished to her by DES that she was never to administer corporal punishment to the children for whom she was caring.

■ Our standard of review for trial court rulings regarding admission of evidence is abuse of discretion. *State v. Fisher,* 141 Ariz. 227, 242, 686 P.2d 750, 765 (1984). The impact of this evidence was certainly lessened by the defendant's introduction of evidence from Jamie's mother

that she had consented to the spanking. Even if admission of the DES rule was error, it did not, beyond a reasonable doubt, contribute significantly to the verdict. *State v. Henley*, 141 Ariz. 465, 468, 687 P.2d 1220, 1223 (1984).

## SUFFICIENCY OF EVIDENCE

The defendant argues that the evidence was insufficient to sustain the conviction because females bruise more easily than males, individuals of fair complexion bruise more easily than those of dark complexion, medical expert testimony did not conclusively establish that the injuries were sustained contemporaneously, and Jamie's mother failed to immediately report Jamie's injuries to authorities.

However, no evidence was presented that the extensive bruising on the four-year-old child's body was caused by anyone other than Albrecht. Assuming arguendo that Albrecht had been authorized to administer reasonable and appropriate physical force to discipline the four-year-old victim, the extensive injuries sustained by the child and depicted in photographic evidence show that the force used was obviously excessive. Not surprisingly, Albrecht testified that after she had administered the spanking, Jamie "did exactly what I said. I did not have no more trouble with Jamie." Albrecht also testified that later that day she noticed "stripes on [Jamie's] butt." She then testified:

> And I just like: Wow, you know. I just looked at them and I said: Well, I guess we're just going to have to tell mom what happened, I thought to myself.

> So when Nickie came and picked up the kids, I explained to her that I did spank [Jamie] and that I did leave a few bruises on her that I noticed that day when she was using the bathroom.

The test for sufficiency of the evidence is whether any rational trier of fact could find guilt beyond a reasonable doubt based upon the evidence presented. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791–92, 61 L.Ed.2d 560, 576 (1979). On appeal, we must view the evidence in a light most favorable to sustaining the verdict. *State v. Arredondo*, 155 Ariz. 314, 316, 746 P.2d 484, 486 (1987). Sufficient evidence exists to sustain the jury's verdict.

We have reviewed the entire record and find no fundamental error. For the reasons set forth above, we affirm.

LACAGNINA, C.J., and FERNANDEZ, J., concur.