817 P.2d 18

**The STATE of Arizona, Appellee,**

v.

**Mark Aaron DANIEL, Appellant.**

No. 2 CA–CR 90–0256.

Court of Appeals of Arizona,
Division 2, Department A.

May 7, 1991.

Review Denied Oct. 8, 1991.

Grant Woods, Atty. Gen. by Paul M. McMurdie, Chief Counsel, and R. Wayne Ford, Phoenix, for appellee.

Jim D. Himelic, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was convicted after a jury trial of conspiracy to commit armed robbery and two counts of armed robbery, all class 2 felonies, and conspiracy to commit first-degree burglary, first-degree burglary and two counts of aggravated robbery, all class 3 felonies. The jury found one prior, non-dangerous class 3 felony, and the court imposed concurrent sentences of 12 years each on the class 2 felonies and 10 years each on the class 3 felonies. We reverse.

## FACTS

Two men with nylon stockings covering their heads robbed a Fry's Food Store at gunpoint and escaped in a car. Appellant was the driver of the car, although he maintains he had no knowledge of the robbery until later. When police attempted to stop the car, he pulled to the curb, the two men got out and ran away, and appellant drove on. He eventually parked at the apartment complex of his cousin, from whom he had borrowed the car, and then phoned his cousin to report the car stolen. Police found the car, searched it and discovered evidence linking one Stacey Tims to the robbery. After his arrest and proper Miranda warnings, Tims confessed to this and several other robberies, and implicated appellant and one other man, Marvin Johnson, in this robbery. Tims refused to testify at the trial of Johnson and appellant, but the state introduced, over objection, a redacted version of Tims' confession, and both men were convicted. No other substantial evidence linked appellant to the crimes. Appellant argues that: (1) his Sixth Amendment right to confront wit-

nesses was violated by the trial court's admission of Tims' redacted confession; (2) a juror knew two of the state's witnesses; and, (3) evidence seized in the search of appellant's cousin's car was wrongfully admitted because the police lacked reasonable suspicion to stop the car earlier in the evening.

## DISCUSSION

■ Our standard of review for trial court rulings regarding the admission of evidence is abuse of discretion. *State v. Albrecht*, 158 Ariz. 341, 343, 762 P.2d 628, 630 (App.1988).

The Tims confession, while hearsay, was admitted under Ariz.R.Evid. 804(b)(3), 17A A.R.S. as a statement against the penal interest of an unavailable declarant after a corroboration hearing. The trial court correctly relied upon *State v. Canaday*, 141 Ariz. 31, 684 P.2d 912 (App.1984), which involved the admissibility of collateral inculpatory statements under Ariz.R.Evid. 804(b)(3).[1]

■ In *Canaday*, our Court of Appeals found that the Sixth Amendment right of confrontation is not violated by a collateral inculpatory statement against penal interest of an unavailable declarant if the statement has "the indicia of reliability." *Canaday*, 141 Ariz. at 34, 684 P.2d at 915. The court further found that the trial court must conduct a careful reliability inquiry with "proof of corroborating circumstances ... that clearly indicate the truthfulness of the statement." *Canaday*, 141 Ariz. at 35, 684 P.2d at 916. Thus, the court implied that the reliability test for exculpatory and inculpatory statements is the same in Arizona. The court went on to hint that further restrictions on admissibility might be in order if the statement was made while the declarant was in custody, even though the court knew of no cases in which a collateral inculpatory statement made in a custodial situation was admissible. It stated that "there may be custodial interrogations which do have sufficient indicia of

trustworthiness to fall within the hearsay exception to be admissible in the face of the confrontation clause." *Canaday*, 141 Ariz. at 36, 684 P.2d at 917. In the present case, the trial court conducted a thorough corroboration hearing pursuant to *Canaday* and, finding evidence of corroborating circumstances "overwhelming," admitted the statement at appellant's trial.

Nevertheless, we reverse because of the recent decision in *Idaho v. Wright,* —— U.S. ——, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), in which the United States Supreme Court held that evidence corroborating the truthfulness of the statement is irrelevant and may not be considered in examining the indicia of reliability of an accusatory hearsay statement. The Court found that "inherent trustworthiness" alone must be used to establish reliability. Under this test, the circumstances of the making of the statement must be examined; for example, an "excited utterance" is presumed inherently trustworthy because of circumstances which eliminate the possibility of fabrication, coaching or confabulation. *Wright,* —— U.S. at ——, 110 S.Ct. at 3149, 111 L.Ed.2d at 655.

Accordingly, we must examine the circumstances of Tims' statement to determine whether they indicate an inherent truthfulness. We find that they do not. Even though the declarant was apparently speaking against his own penal interest, there was some evidence that he had ingested drugs the day he gave his statement, that he may have been trying to improve his own situation by implicating appellant, and that he may have had motives of revenge against him. In short, it was not necessarily against his penal interest to inculpate appellant, and he may have believed it would further his own interest by creating the possibility of a "deal" with police. Tims' confession does not, as claimed by appellee, fall within a firmly-rooted hearsay exception. See *State v. Darby*, 123 Ariz. 368, 599 P.2d 821 (App. 1979) (portion of accomplice's admission

---

1. While the comments to Rule 804(b)(3) state that collateral *exculpatory* statements require a corroboration hearing, the comments are silent as to collateral *inculpatory* statements, which leaves their admission to the discretion of the trial court upon an assessment of reliability.

against penal interest that implicated defendant not admissible against defendant under Ariz.R.Evid. 804(b)(3)), *following People v. Leach*, 15 Cal.3d 419, 124 Cal. Rptr. 752, 541 P.2d 296 (1975), *cert. denied* 424 U.S. 926, 96 S.Ct. 1137, 47 L.Ed.2d 335 (1976). Because the court erred in admitting Tims' confession, the convictions must be reversed.

■ We address the admissibility of the evidence seized in a search of appellant's cousin's car an issue which may arise on retrial. Appellant's motion to suppress, based on the alleged lack of reasonable suspicion to stop the vehicle earlier in the evening, was denied by the trial court. We view the facts in the light most favorable to support the trial court's ruling on a motion to suppress. *State v. Sheko*, 146 Ariz. 140, 141, 704 P.2d 270, 271 (App. 1985).

The state conceded at the suppression hearing that the police did not have reasonable suspicion to stop the car, but argued that they conducted a valid inventory search of an abandoned vehicle. *State v. Davis*, 154 Ariz. 370, 742 P.2d 1356 (App. 1987). We agree that the search resulted not from the traffic stop, but from an owner's report that the vehicle had been stolen. Appellant intentionally abandoned the vehicle when he told his cousin to report it as stolen. *State v. Asbury*, 124 Ariz. 170, 602 P.2d 838 (App.1979). Appellant had no standing to complain of the search and seizure of voluntarily abandoned property. *State v. Walker*, 119 Ariz. 121, 126, 579 P.2d 1091, 1096 (1978).

Reversed.

LIVERMORE and LACAGNINA, JJ., concur.