831 P.2d 438

**The STATE of Arizona, Appellee,**

v.

**Timothy LATIMER, Appellant.**

**No. 2 CA–CR 91–0621.**

Court of Appeals of Arizona,
Division 2, Department B.

May 7, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Diane M. Ramsey, Phoenix, for appellee.

Mark J. McGowan, Sierra Vista, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant and his codefendants, Tyrone Tucker and Jerry Jannsen, were originally indicted on 13 counts arising out of an incident in which the victim, Jannsen's mother, was severely beaten with a hammer during the course of a burglary and theft in her office/apartment. Appellant entered into a plea agreement, pursuant to which he agreed to testify at Jannsen's trial. When he invoked the fifth amendment at that trial, the state withdrew from the agreement and proceeded to trial.

In his first trial, appellant was convicted of conspiracy to commit theft, theft, and unlawful use of a means of transportation. All other counts were either dismissed or resulted in an acquittal, except for two counts of aggravated assault. The state dismissed one of those counts and, upon retrial, appellant was convicted of aggravated assault involving serious physical injury. He was sentenced as follows: concurrent, aggravated 10–year terms on the conspiracy and theft convictions; a consecutive, aggravated term of 1.875 years on the conviction for unlawful use of a means of transportation; a consecutive, aggravated term of 10 years on the aggravated assault conviction.

On appeal, counsel has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Appellant has filed a supplemental brief. Although numerous issues are raised, we address only one, which requires reversal. At the first trial, Jannsen was called by the state to testify but refused, invoking his fifth amendment privilege. Upon motion of the state, and over appellant's objection, the trial court admitted into evidence the prior testimony of Jannsen from his own trial.[1] Although

---

1. The transcript was read to the jury, but was not admitted into evidence, nor did the court reporter transcribe the testimony as it was read.

The parties agree, however, as to the substance of the testimony.

it does not appear that Jannsen was again subpoenaed to testify at the second trial, the trial court permitted the same procedure, over appellant's objection. We agree with appellant that the admission of this evidence violated his confrontation rights, and therefore reverse.

The relevant facts are as follows. Codefendant Tucker testified at both trials that on the night of March 19, 1990, Jannsen had discussed with him and appellant the fact that his mother had some money in a safe at the self-storage business where she worked and lived. The three agreed to go there and steal it. When they arrived, Jannsen was unable to open the front door with his key, so he and appellant entered through a side window from which they removed the screens. Tucker testified that he remained outside. The other two had entered the office and appellant went back into another part of the building, which was apparently the victim's apartment, and determined that the victim was present. He returned to the office, and he and Jannsen discussed which one of them was going to "restrain" the victim. When Jannsen refused, appellant picked up a hammer and went back into the apartment. Tucker testified that he heard "knocking" sounds, and that appellant returned to the office spattered with blood.

According to Tucker, he and Jannsen then walked to a fast food restaurant where they were met by appellant, driving the victim's car. After cleaning up in the restroom, appellant told the other two that he wanted to return for the safe. Appellant and Tucker then drove back to the victim's office/apartment, where appellant re-entered the office/apartment, took the safe, and put it in the back of the car along with the screens they had previously removed from the window. The two then picked up Jannsen and drove to Huachuca City. There they opened the safe and divided the contents. The car, the safe, and the screens were abandoned, and the three returned to Sierra Vista by taxi.

Jannsen admitted at his own trial that it was his idea to take the money from his mother's safe, that he was involved in the planning of the theft, and that he took the codefendants to the office/apartment where his mother lived. He denied entering the building, however, and stated that he left to meet them later at an arcade. He also admitted sharing in the proceeds of the theft.

Appellant testified at his first trial that, although he had seen Jannsen on March 19, he did not accompany him to his mother's house. He stated that he was aware of Jannsen's plan to rob his mother but refused to participate and did not realize that Jannsen had carried out his plan until the next day when Jannsen informed him of what he had done. Jannsen then gave him $600 and told him to rent a motel room. He later gave appellant money to purchase two motorcycles.

Jannsen's fingerprints were found on the screens taken from the entry window. Appellant's fingerprints were found on a knife taken from the victim's kitchen and found outside the office/apartment building. They were also found on the driver's door and window of the victim's car. Although both Jannsen and appellant were unemployed and essentially homeless, both were found to be suddenly in possession of hundreds of dollars. There was no other evidence linking appellant to the offenses.

The trial court admitted Jannsen's testimony as a declaration against penal interest and under the catchall hearsay exception, see Ariz.R.Evid. 804(b)(3) and (5), 17A A.R.S., finding Jannsen to be unavailable under Rule 804(a)(2). The court further found the testimony to be reliable, and therefore admissible as against a confrontation clause challenge, see State v. Canaday, 141 Ariz. 31, 684 P.2d 912 (App.1984), "because he was on trial at the time that he gave that statement, he was sworn and put under oath. He knew that he was going to be cross-examined by the state about his statements." We disagree with the trial court's conclusion.

Jannsen's testimony, although self-incriminating, also incriminated appellant. Such collateral inculpatory statements are admissible only where there is "proof of corroborating circumstances ... that clear-

ly indicate the truthfulness of the statement[s]." *Canaday*, 141 Ariz. at 35, 684 P.2d at 916. *See also State v. Daniel*, 169 Ariz. 73, 817 P.2d 18 (Ct.App.1991). Just as the court held in *Canaday* that particular scrutiny must be given to statements made in a custodial setting because of the likely presence of any number of motives to fabricate, the same is also true with respect to the testimony of an accused defending himself in a criminal prosecution.

With little physical evidence linking Jannsen to the break-in and theft, and none specifically tying him to the assault, the outcome of Jannsen's trial depended on the jury's evaluation of his testimony and that of Tucker. Jannsen had every reason to deny or minimize his involvement and, conversely, to fabricate or at least exaggerate appellant's culpability. The state's interest in cross-examining him lay not in exculpating appellant but in convicting Jannsen. Under these circumstances, to conclude that the taking of an oath or the prospect of cross-examination would effectively deter Jannsen from perjury or in any way bolster the reliability of his statements is naive at best. In *Idaho v. Wright*, 497 U.S. 805, ——, 110 S.Ct. 3139, 3150, 111 L.Ed.2d 638, 656 (1990), the Supreme Court concluded that "unless an affirmative reason, arising from the circumstances in which the statement was made, provides a basis for rebutting the presumption that a hearsay statement is not worthy of reliance at trial, the Confrontation Clause requires exclusion of the out-of-court statement." In this case, not only does no "affirmative reason" appear, but to the contrary, the circumstances compel the conclusion that Jannsen's testimony was inherently unreliable.[2] Its admission therefore violated appellant's right of confrontation.

■ Nor can we find, as the state urges, that the error was harmless. As in Jannsen's trial, the case against appellant rested largely on the testimony of the codefendants. Although Jannsen's testimony contradicted that of Tucker as to Jannsen's

culpability, it reinforced that testimony as to appellant's role in the crimes. The fact that Jannsen's testimony was less detailed than Tucker's because he claimed not to have gone inside the building does not render it merely cumulative. While the jury may have been in doubt as to the extent of Tucker's and Jannsen's involvement, there was consistent testimony from two witnesses that appellant not only participated in the theft but also committed the assault. Viewing the record as a whole, we cannot say that the error in admitting the testimony was harmless. We must therefore reverse.

The judgment of conviction and sentences are reversed; the cause is remanded for a new trial.

FERNANDEZ, P.J., and DRUKE, J., concur.

---

**2.** This conclusion also disposes of the contention that the testimony was admissible under