This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                               **NO. 33,375**

**DAVID GURULE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Mary L. Marlowe, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, convicting him for two counts of vehicular homicide while recklessly driving, one count of great bodily injury by vehicle, and one count of driving while license is suspended or revoked. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition and a motion to amend the docketing statement to add a challenge to the impartiality of the jury. Having considered Defendant's arguments, we remain unpersuaded that Defendant established error. Also, we are not persuaded to grant the motion to amend the docketing statement. Accordingly, we hereby deny the motion to amend and affirm the district court's judgment and sentence.

{2}     Defendant raised five issues in his docketing statement, all of which he pursues in his response to our notice. First, he argues that the district court erred by denying his motion to suppress, challenging the court's ruling that the Implied Consent Act obviates the need for a valid search warrant, where the affidavit in support of the warrant was insufficient. [DS 5; MIO 4-5] Second, Defendant argues that the district court violated his due process rights by scheduling the trial sporadically over a three-week period and disallowing the jury from reviewing earlier testimony. [DS 5; MIO

6] Third, Defendant argues that the district court erred by ruling that his three crimes were "serious violent offenses." [DS 5; MIO 6-8] Fourth, Defendant challenges the sufficiency of the evidence. [DS 5-6; MIO 9] Fifth and lastly, Defendant argues that trial counsel was ineffective by failing to object to the following: the piecemeal scheduling of the trial, the jury's inability to recall prior testimony, and the admission of inflammatory photographs and a video recording showing the lifeless body of Zacariah Martinez, the child killed in the car accident. [DS 6; MIO 10-12]

{3} Our notice detailed the facts and the law relative to each issue that we believed supported affirmance. We do not repeat our proposed analysis here. Having examined Defendant's response to our notice, we do not find any new factual or legal argument that persuades us that our analysis was incorrect. Specifically, we observe the following about Defendant's issues.

{4} Defendant does not explain whether the district court denied his motion to suppress based on lawful consent or Defendant's incapacity to consent to a blood draw. Based on the analysis in our notice, we hold that the facts support Defendant's incapacity to consent and his resulting presumed consent under the Implied Consent Act, NMSA 1978, § 66-8-108 (1978). We further hold, based on the analysis in the notice that the officer had "reasonable grounds to believe" that Defendant was driving

3

while intoxicated, as contemplated by NMSA 1978, § 66-8-107(B) (1993), based on the circumstances of the fatal, single-car accident, the officer's observations that Defendant had "bloodshot[,] watery eyes," "soiled or rumpled clothing," "cover up odors," and "unusual odors," and the fact that the officer knew that Defendant had at least three prior DWI convictions. [RP 79-80] We hold that the district court did not err by denying Defendant's motion to suppress.

{5} As for the piecemeal nature of the trial, Defendant's response does not indicate that the issue was preserved and does not persuade us that there was any fundamental due process error.

{6} As for the district court's ruling that Defendant committed two "serious violent offenses," we are not persuaded by Defendant's response that the district court erred by finding a sufficient showing of recklessness. As a result, we hold that the district court did not err in its application of the Earned Meritorious Deductions Act to the facts underlying Defendant's convictions.

{7} As for the sufficiency of the evidence to support Defendant's convictions for homicide by vehicle and great bodily harm by vehicle under the theory of reckless driving, we continue to be persuaded that sufficient evidence was presented. We, therefore, affirm his convictions.

4

**{8}** As for Defendant's claims of ineffective assistance of counsel, we are not persuaded that the facts necessary to a full determination are part of the record. Thus, his ineffective assistance claims are more properly brought through a habeas corpus petition. *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. Thus, Defendant's claims do not provide a basis for reversal.

**Motion to Amend**

**{9}** In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{10}    Defendant moves to amend the docketing statement to add his contention that the jury was not impartial. [MIO 1-2, 12-13] Defendant pursues this matter under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [MIO 13]

{11}    Defendant admits that the contentions raised in the motion to amend were not preserved below, [MIO 12] and does not set forth any basis for a belief that he may raise this challenge to the jury's impartiality for the first time on appeal. Because the record does not establish the basis for his claims, we cannot address this matter for the first time in a direct appeal. We again direct Defendant to habeas proceedings, if he wishes to pursue the arguments in his motion to amend.

{12}    For the reasons stated in this opinion and in our notice, we affirm the district court's judgment and sentence.

{13}    **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**

6

_____

**J. MILES HANISEE, Judge**

7