NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

ROBERT JEFFREY MORRISON,
*Appellant.*

No. 1 CA-CR 14-0674
FILED 10-6-2015

Appeal from the Superior Court in Maricopa County
No.  CR2013-002141-001
The Honorable William L. Brotherton,  Jr., Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By David A. Simpson
*Counsel for Appellee*

The Law Office of Stephen L. Crawford, Phoenix
By Stephen L. Crawford
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1        Robert Jeffrey Morrison appeals from his convictions and resulting sentences for two counts of shoplifting with an artifice or device, both class 4 felonies.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2        On November 25, 2012, Morrison entered a cosmetics and fragrance store (Ulta) in Paradise Valley.  The store manager, J.F., became suspicious that Morrison might try to shoplift, so she asked an employee to speak to Morrison in the fragrance department and another employee to watch the store's live security footage.  J.F. was then informed that Morrison had placed two bottles of fragrances in his bag.

¶3        J.F. waited at the store's exit and asked Morrison to return the fragrances as he approached her.  Morrison returned the fragrances and pushed his way past J.F. to exit the store.

¶4        Officer Montoya was called to the store and detained Morrison as he walked out of the store.  After speaking with J.F. and conducting a further investigation, Officer Montoya arrested Morrison.

¶5        Morrison called his brother, Rick, from jail.  At the beginning of the call, Morrison was informed that the call would be recorded and monitored, and if "the call is in place to legal counsel," to hang up and notify the sheriff's office.  While relaying incriminating information, Morrison asked Rick to contact an attorney on his behalf.

¶6        At trial, Morrison moved to exclude the entire recording of the conversation from evidence because he disclosed information while attempting to persuade Rick to call an attorney.  He further argued that the recording should be excluded pursuant to Arizona Rules of Evidence 401,

---

[1]        We view the facts in the light most favorable to sustaining the jury's verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

402, 403, and 404(b). The following redacted recording was played before the jury:

> Rick: The problem is that you went and shoplifted.
>
> Morrison: That's true. I know.
>
> Rick: What is your problem? What is the deal with you?
>
> Morrison: I didn't have any money, Ricky. I didn't have any money.
>
> &#42; &#42; &#42;
>
> Morrison: I know. I shoplifted.
>
> Rick: Where did you commit it?
>
> Morrison: Where?
>
> Rick: Yeah.
>
> Morrison: At the Ulta store across from Paradise Valley Mall next to Sports Authority.

¶7    The State initially declined prosecution of the case and the video surveillance recording was destroyed. When charges were later filed, the recording was no longer available and Ulta did not retain a copy of the recording. Because the State destroyed the surveillance recording, the trial court provided a *Willits*[2] instruction to the jury.

¶8    Morrison was convicted of two counts of felony shoplifting with artifice and was sentenced to ten years' imprisonment for each count, to run concurrently. The trial court further sentenced Morrison to .33 years' imprisonment for a probation violation. Morrison appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 and 13-4031 and -4033.A.1 (West 2015).[3]

---

[2]    *See State v. Willits*, 96 Ariz. 184 (1964).

[3]    We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

**DISCUSSION**

I.      Admission of Jail Call Recording was Proper

**¶9**          Morrison argues that the jail phone call recording should have been excluded from evidence because "it was privileged and highly prejudicial."  Whether an evidentiary privilege exists is an issue of law we review de novo.  *State v. Sucharew*, 205 Ariz. 16, 21, ¶ 9 (App. 2003).  However, we review the trial court's rulings on the admissibility of evidence for an abuse of discretion.  *State v. Daniel*, 169 Ariz. 73, 74 (App. 1991).

**¶10**         Morrison attempts to assert attorney-client privilege because "it is not clear in this case that [he] could have reached his attorney and his brother was therefore a necessary agent to make the phone call."   A defendant may assert the attorney-client privilege over communications between himself and his attorney in the course of the attorney's professional employment.  *Sucharew*, 205 Ariz. at 21, ¶ 10.  The purpose of the privilege is to promote full and frank communication between attorneys and their clients.  *Id.*  It only applies to "confidential communications made for the purpose of obtaining or providing legal assistance for the client."  *Ariz. Indep. Redistricting Comm'n v. Fields*, 206 Ariz. 130, 142, ¶ 39 (App. 2003).

**¶11**         Although Morrison purportedly called Rick to persuade him to contact an attorney on his behalf, it is undisputed that Rick is not an attorney.  Thus, any communications between Morrison and Rick cannot be privileged under the attorney-client privilege.  Moreover, Morrison could not have reasonably expected his communications with Rick to be confidential.  When Morrison was booked into jail, he was told his phone calls would be recorded.  Also, there is a recording at the beginning of all outgoing calls reminding inmates that all calls are being recorded and monitored and that they should notify the sheriff if they are attempting to speak with an attorney.

**¶12**         Morrison next contends:

> [T]he statements made by [Morrison], while capable of being interpreted as merely a request to speak to an attorney because of the existence of a charge, are much more likely to be interpreted as an admission of guilt and should have only been admitted into evidence [if] the admission was made knowingly and voluntarily.

¶13         The trial court may exclude relevant evidence if its probative value is outweighed by the danger of unfair prejudice.  Ariz. R. Evid. 403.  "Unfair prejudice may exist if the evidence has an undue tendency to suggest decision on an improper basis, such as emotion, sympathy or horror."  *State v. Salamanca*, 233 Ariz. 292, 296, ¶ 17 (App. 2013) (punctuation omitted).  Because the trial court is in the best position to make this determination, it has broad discretion to do so.  *Id.*

¶14         Although we agree that the phone call recording was "prejudicial" insofar as it was incriminating, Morrison has not shown that the trial court abused its discretion by admitting it.  *See State v. Wooten*, 193 Ariz. 357, 366, ¶ 45 (App. 1998).  There is no evidence in the record suggesting Morrison's statements to his brother were made involuntarily.  Moreover, the jury was properly instructed on the issue of involuntary statements.  Finding no abuse of discretion, we affirm the trial court's ruling.

II.     *Willits* Instruction was Sufficient

¶15         Morrison next argues that his right to a fair trial was violated because the State destroyed Ulta's surveillance recording.  He contends, "[w]hile the *Willits* instruction is normally sufficient unless the state has acted in bad faith, when a piece of evidence is fundamental to a defendant's case, it is not clear that the *Willits* instruction is enough."

¶16         "[W]here evidence which might have tended to exonerate the defendant is destroyed while in the state's possession, a defendant is entitled to a *Willits* instruction."  *State v. Perez*, 141 Ariz. 459, 464 (1984).  The trial court provided the following instruction:

> If you find the State has lost, destroyed, or failed to preserve evidence whose contents or quality are important to the issues in this case, then you should weigh the explanation, if any given, for the loss or unavailability of the evidence.  If you find that any such explanation is inadequate, then you may draw an inference unfavorable to the State, which in itself may create a reasonable doubt as to defendant's guilt.

¶17         Quoting Chief Justice Feldman's opinion in *State v. Youngblood*, 173 Ariz. 502, 511 (1993), concurring and dissenting in part, Morrison contends that a *Willits* instruction was insufficient if the defendant did not receive "what the due process clause of the constitution requires: a fair trial under fundamentally fair procedures."  In *Youngblood*, the Arizona Supreme Court held: "With respect to evidence which *might* be

exculpatory, and where there is no bad faith conduct, the *Willits* rule more than adequately complies with the fundamental fairness component of Arizona due process." 173 Ariz. at 506-07.

**¶18** Morrison contends that the recording is "critically important to the defense" without further explaining its significance nor claiming that it is exculpatory evidence. Moreover, Morrison does not argue, and we find no evidence in the record suggesting, that the State destroyed the video in bad faith. Thus, we find the trial court's *Willits* instruction comported with the requirements of due process.

## CONCLUSION

**¶19** For the foregoing reasons, Morrison's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama