This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.                                                                        **No. 36,006**

**JOSEPH STEWARD,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}　　Joseph Steward (Defendant) appeals his convictions for driving while under the influence (DWI) and assault on the basis that there was insufficient evidence. This Court's calendar notice proposed summary affirmance, and Defendant filed a

memorandum in opposition to the proposed disposition. Not persuaded by Defendant's arguments, we affirm.

{2}    Defendant continues to argue that there was no evidence he drove his pickup truck while intoxicated because the officer was unable to testify that he saw Defendant drive or that Defendant drank to the point of impairment, and no field sobriety tests or blood alcohol tests were performed. [MIO 5-6] Defendant's neighbor testified that she witnessed him rev up his engine, drive over a log, hit a fence, and damage the fence, before driving off and then returning after several minutes. [RP 95, 96] The officer on the scene also testified that Defendant smelled of alcohol and had bloodshot watery eyes. [RP 89-90] He further testified that Defendant became loud and belligerent when asked about the threats made to his neighbors, and that Defendant told the officer if he took out his gun they "would get it on." [RP 91] The neighbor witnessed Defendant driving the truck, after which there was circumstantial evidence to infer that Defendant drove while intoxicated. *See State v. Mailman*, 2010-NMSC-036, ¶ 28, 148 N.M. 702, 242 P.3d 269 ("Actual physical control is not necessary to prove DWI unless there are no witnesses to the vehicle's motion and insufficient circumstantial evidence to infer that the accused actually drove while intoxicated." (emphasis omitted)). Defendant does not dispute the evidence relied upon in the notice of proposed disposition. *See State v. Mondragon*, 1988-NMCA-

2

027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"), *superceded in statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, 297 P.3d 374. We therefore conclude that there was sufficient evidence from which the fact finder could determine that Defendant was DWI.

{3}     Defendant further argues the testimony that he made an idle threat while standing fifty yards away from the neighbor's family fails to establish the family reasonably feared an immediate battery. [MIO 6] He argues that since this was the only evidence offered to show that an assault occurred, the evidence fails to establish an essential element of the crime. [Id.] We disagree. Not only was there evidence that Defendant yelled and threatened to shoot them all, but the neighbor testified she was concerned for herself and her family who were all standing outside. [RP 96] Defendant does not dispute this evidence relied upon in the proposed disposition. *See Mondragon*, 1988-NMCA-027, ¶ 10. Based on this evidence, we conclude that there was sufficient evidence to support Defendant's conviction for assault. *See State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (stating that "substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (internal quotation marks and citation omitted)).

3

{4}     Last, Defendant contends that the State failed to prove the validity of the alleged prior convictions used to enhance his DWI conviction. [MIO 6] He contends that the documentation provided by the State only established that he was previously charged with the offense. [Id.] Because Defendant did not raise this issue in his docketing statement, we construe it as a motion to amend the docketing statement. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309.

{5}     This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. Defendant has not explained whether the issue was properly preserved or why it can be raised for the first time on appeal. *See Rael*, 1983-NMCA-081, ¶¶ 7-8. Nor

has Defendant cited a case standing for the proposition that documentation such as a dated, file-stamped judgment and sentence properly verifying prior convictions is not evidence of a conviction. [RP 110-127] *See In re Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that we are entitled to assume, when arguments are unsupported by cited authority, that supporting authorities do not exist). Because the issue Defendant seeks to add to his docketing statement is not viable, the motion to amend is denied. *See Moore*, 1989-NMCA-073, ¶¶ 36-51.

{6}    For all of these reasons, and those stated in the notice of proposed disposition, we affirm Defendant's convictions.

{7}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**